■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THELMON PHIFER, Also Known as JUNE PHIFER, Appellant.— Appeal by the defendant from a judgment of the County Court, Nassau County (Baker, J.), rendered February 17, 1982, convicting him of robbery in the first degree (two counts) and kidnapping in the second degree (two counts), upon a jury verdict, and imposing sentence of 6 to 18 years' imprisonment on each of the robbery counts, to run concurrently with each other, and 6 to 18 years' imprisonment on each of the kidnapping counts, also to run concurrently with each other, and directing further that the term of imprisonment imposed on the first kidnapping count is to run concurrently with the terms of imprisonment imposed on the robbery counts, but that the term of imprisonment imposed on the second kidnapping count is to run consecutively with the terms of imprisonment imposed on the robbery counts.

Judgment modified, on the law, by deleting the provision providing that the term of imprisonment imposed on the second kidnapping count is to run consecutively to the terms of imprisonment imposed on the robbery counts, and substituting therefor a provision that said terms of imprisonment shall run concurrently. As so modified, judgment affirmed.

In the instant case, the complainants Rosenthal and Basile were unloading a food van outside a Manhasset restaurant when they were approached by the defendant and his accomplice, a person named Johnson. Threatening Rosenthal with a club, Johnson ordered him to get back inside the van with Basile. The defendant and Johnson then also entered the van, after reloading it with the food. Once inside, the defendant and his accomplice demanded money from Rosenthal, and threatened him with a gun. Rosenthal gave them $20. Although the testimony was contradicted as to whether the van was in motion when the robbery occurred, it is clear that at some point the defendant and his accomplice made the complainants lie down on the floor of the van with their coats over their heads, and drove off with them, but, after traveling some distance, Rosenthal and Basile were able to effect an escape. The defendant was thereafter convicted, following a

jury trial, of two counts of robbery in the first degree and two counts of kidnapping in the second degree.

Under the circumstances of this case, we find that the imposition of consecutive sentences was improper. Consecutive sentences are authorized only when the offenses charged involve disparate or separate acts (Penal Law § 70.25 [2]; *People v Underwood,* 52 NY2d 882).

We have considered the defendant's other contentions and have found them to be without merit. Mangano, J. P., Gibbons, Brown and Kooper, JJ., concur.